## MARTIN v. KROEGER.

No. 20016.   Opinion Filed May 26, 1931.

L. H. Harrell and Robt. S. Kerr, for plaintiff in error.

H. A. Kroeger and J. F. McKeel, for defendant in error.

HEFNER, J. This is an appeal by C. M. Martin from a judgment of the district court of Pontotoc county adjudging him guilty of contempt of court. The charge arose out of an alleged violation of an injunction order. It appears that in the year 1914 a dispute arose between appellant and complainant, H. A. Kroeger, over their respective rights in certain land located in Pontotoc county. Kroeger claimed title to the oil and gas under the land and the right to prospect therefor. This claim is based under a contract entered into between him and appellant on April 14, 1913. It

was the contention of appellant that this contract was an oil and gas lease, and an action was brought by him in the district court to cancel it because of an alleged breach of an implied covenant to develop.

The trial court sustained his contention and canceled the contract, but this court on appeal reversed the judgment, holding the contract not an oil lease and not governed by the law applicable thereto. Kroeger v. Martin, 72 Okla. 198, 180 Pac. 955. Upon receipt of the mandate the trial court entered judgment in accordance therewith quieting title in Kroeger in and to his rights under the contract and enjoining Martin from interfering with such rights. On September 17, 1927, Martin filed another action seeking to set aside the contract for the same reason and upon the same ground set forth in the prior suit. Kroeger claimed this suit violated the injunction order granted in the prior suit and caused a citation for contempt to be issued against Martin.

In answer to the citation Martin admitted the rendition of the judgment in the former suit, but alleged that the second suit in no wise violated the injunction granted in the first suit. It was the contention of appellant that the facts pleaded charged him with indirect contempt and that he was therefore entitled to a jury trial. The trial court held against his contention and denied him the right to a trial by jury, and this is assigned as error.

In response to the application for citation for contempt, the defendant denied specifically and generally every allegation therein contained.

If the defendant is guilty of contempt in this case, it is for violation of the provisions of section 25, article 2, of the Constitution of Oklahoma, a portion of which is as follows:

"Provided, that any person accused of violating or disobeying, when not in the presence or hearing of the court or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the state shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused. In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given."

Under the above provision of the Constitution, it will be conceded that a person charged with a violation of an order of injunction, not in the presence or hearing of the court, is entitled to a trial by a jury as to his guilt or innocence. However, it is argued in this case that the facts are all admitted by the defendant, and for that reason there is no occasion for a jury trial. Without deciding this question, we do not think the record discloses that the facts are all admitted by the defendant. He filed a general denial and also pleaded an affirmative defense.

The mandate of the Constitution is that in such cases, upon demand and before penalty and punishment is enforced, the accused shall be entitled to a trial by a jury as to his guilt or innocence. The defendant timely demanded a trial by a jury and this right was denied him, and in so doing we think the trial court committed error.

The cause is reversed, with directions to grant the defendant a jury trial.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.